UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

ISABEL B. MARTINEZ,

        Plaintiff,

   v.

EMC MORTGAGE CORPORATION,
ENCORE CREDIT CORP., A
CALIFORNIA CORPORATION,
MORTGAGE ELECTRONIC SYSTEMS,
INC., et al.,

        Defendants.

NO. CIV. S-09-2001 FCD DAD

MEMORANDUM AND ORDER

----oo0oo----

    This matter is before the court on the motion of defendants EMC Mortgage Corporation and Mortgage Electronic Registration Systems, Inc. ("defendants") to dismiss plaintiff Isabel B. Martinez's ("plaintiff") first amended complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  (Docket #18.)  On February 26, 2010, plaintiff filed an opposition to defendants' motion, in which she opposed the dismissal of her state law

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 230(g).

1

causes of action but agreed to the dismissal of the sole federal claim alleged against defendants pursuant to the Real Estate Settlement Procedures Act ("RESPA"). (Docket #22 at 9.) She separately filed on February 26, a statement of non-opposition to the motion, asking that the court dismiss her RESPA claim, as well as her other federal claim for relief brought pursuant to the Truth in Lending Act ("TILA"). In her FAC, plaintiff alleges a TILA claim against named defendant Encore Credit Corporation ("Encore"). (Docket #23.)[2]

Based on plaintiff's request, the court dismisses the RESPA and TILA claims. See, e.g. Fed. R. Civ. P. 41(a); Swedberg v. Marotzke, 339 F.3d 1139 (9th Cir. 2003) (a defendant's filing of a motion to dismiss, pursuant to Rule 12(b), does not prevent the plaintiff from later filing a voluntary dismissal).

Dismissal of the RESPA and TILA claims leaves the complaint devoid of any federal claims. The remaining claims are state law claims for violation of the California Rosenthal Act, negligence, breach of fiduciary duty, fraud, violation of California Business and Professions Code § 17200 *et seq.*, breach of contract, and breach of the implied covenant of good faith and fair dealing. (FAC, filed Sept. 29, 2009.)

Subject to the conditions set forth in 28 U.S.C. § 1367(c), district courts may decline to exercise supplemental jurisdiction over state law claims. See Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997) (en banc). The court's decision

---

[2] It does not appear plaintiff has served Encore with the FAC, and Encore has not joined the motion or otherwise appeared in the action.

whether to exercise supplemental jurisdiction should be informed by values of "economy, convenience, fairness, and comity." Id. at 1001 (citations omitted).  Further, primary responsibility for developing and applying state law rests with the state courts. Therefore, when federal claims are eliminated before trial, district courts should usually decline to exercise supplemental jurisdiction.  See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988); Gini v. Las Vegas Metropolitan Police Dept., 40 F.3d 1041, 1046 (9th Cir. 1994) ("In the usual case in which federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims.") (quoting Schneider v. TRW Inc., 938 F.2d 986, 993 (9th Cir. 1991)).  In accordance with Section 1367(c), the court declines to exercise supplemental jurisdiction over plaintiff's remaining state law claims.

Plaintiff's complaint is therefore DISMISSED without prejudice.

IT IS SO ORDERED.

DATED: March 2, 2010

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE